UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YANDIER TASSE-MOLINA,

      Petitioner,

v.                                             Case No.:  2:26-cv-01327-SPC-DNF

MARKWAYNE MULLIN *et al.*,

      Respondents,

                                /

## **OPINION AND ORDER**

Before the Court is Yandier Tasse-Molina's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).  For the below reasons, the Court grants the petition.

Tasse-Molina is a native and citizen of Cuba who entered the United States on May 14, 2019.  On July 1, 2019, an asylum officer issued a notice to appear.  Four days later, Immigration and Customs Enforcement ("ICE") issued a notice of custody determination and released Tasse-Molina on $24,000 bond.  On April 7, 2026, Tasse-Molina called the police during a domestic dispute.  The police arrested Tasse-Molina and handed him over to ICE.  He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.  Tasse-Molina claims his detention violates the Fifth Amendment, the Administrative Procedures Act, and the Immigration and Nationality Act.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225(b)(2). As the respondents acknowledge, the Court rejected their arguments in cases that presented similar issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, § 1225(b)(2) does not mandate Tasse-Molina's detention because it began years after he entered the country. *See Hernandez Alvarez v. Warden*, No. 25-24806 (11th Cir. May 6, 2026).

Noncitizens detained under § 1226(a) have a right to a bond hearing. *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court would normally order the respondents to bring Tasse-Molina before an immigration judge for a bond hearing, but that is not necessary here. An immigration judge already ordered Tasse-Molina released on a $24,000 bond.

The respondents do not claim they revoked the bond, nor do they argue any change in circumstances warrant reconsideration of the bond decision.

Accordingly, it is hereby

**ORDERED**:

Yandier Tasse-Molina's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)     The respondents shall release Tasse-Molina within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3